**IN THE UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| **Ashley Anderson,** | ) | |
| **Plaintiff,** | ) | |
| **vs.** | ) | **Case No.** |
| | ) | |
| **STATE OF OKLAHOMA ex rel. OKLAHOMA MEDICAL MARIJUANAAUTHORITY** | ) | **JURY TRIAL DEMANDED** |
| **Defendant.** | ) | |

**COMPLAINT AND JURY DEMAND**

Plaintiff Ashley Anderson ("Plaintiff" or "Ms. Anderson"), by and through her attorney, Patricia A. Podolec, for her causes of action against Defendant State of Oklahoma ex rel. Oklahoma Medical Marijuana Authority ("OMMA" or "Defendant"), alleges and states as follows:

**PRELIMINARY STATEMENT**

1. This is an action for sex discrimination, retaliation, and a sex-based hostile work environment in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq.; for unequal pay on the basis of sex in violation of the Equal Pay Act, 29 U.S.C. § 206(d); and for sex discrimination in violation of the Oklahoma Anti-Discrimination Act ("OADA"), 25 O.S. § 1101 et seq.

2. Throughout her employment with OMMA, Ms. Anderson performed her duties satisfactorily and earned promotions and increased responsibility. Despite her performance, OMMA paid her less than her male counterparts for equal work, excluded her and other female employees from the agency's operations, ignored and then punished

her complaints about unequal treatment, and created working conditions so intolerable that she was forced to resign, resulting in her constructive discharge effective June 16, 2025.

## JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction over Plaintiff's federal claims pursuant to 28 U.S.C. §§ 1331 and 1343, because those claims arise under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq., and the Equal Pay Act, 29 U.S.C. § 206(d).

4. This Court has supplemental jurisdiction over Plaintiff's related state-law claim under the Oklahoma Anti-Discrimination Act pursuant to 28 U.S.C. § 1367(a), because that claim is so related to Plaintiff's federal claims that it forms part of the same case or controversy.

5. Venue is proper in this district under 42 U.S.C. § 2000e-5(f)(3) and 28 U.S.C. § 1391(b), because the unlawful employment practices alleged in this Complaint were committed in this district, the relevant employment records are maintained in this district, and Plaintiff would have continued to work in this district but for the unlawful employment practices.

## CONDITIONS PRECEDENT

6. On September 9, 2025, Ms. Anderson timely filed a verified Charge of Discrimination against OMMA with the United States Equal Employment Opportunity Commission ("EEOC"), designated Charge No. 832-2025-00413, alleging sex discrimination and retaliation. The charge was filed with both the EEOC and the applicable state deferral agency.

7. On July 9, 2026 the EEOC issued Ms. Anderson a Notice of Right to Sue. This Complaint is filed within ninety (90) days of Plaintiff's receipt of that notice. Plaintiff has satisfied all administrative prerequisites to suit under Title VII and the Oklahoma Anti-Discrimination Act.

8. Plaintiff's Equal Pay Act claim requires no exhaustion of administrative remedies and is not subject to any charge-filing or right-to-sue precondition.

9. With respect to her claim under the Oklahoma Anti-Discrimination Act, Plaintiff has complied with the notice and commencement provisions of the Oklahoma Governmental Tort Claims Act ("GTCA"), 51 O.S. § 151 et seq. On May 1, 2026—within one year of her June 16, 2025 constructive discharge—Plaintiff presented a written Notice of Tort Claim to the State of Oklahoma, Office of Management and Enterprise Services, Risk Management Division, which assigned it Claim No. 2620037279.

10. The State did not approve Plaintiff's claim within ninety (90) days, and the claim was therefore deemed denied by operation of law on July 30, 2026, pursuant to 51 O.S. § 157(A). This action is commenced within one hundred eighty (180) days after that denial, as required by 51 O.S. § 157(B).

## PARTIES

11. Plaintiff Ashley Anderson is a female individual who resides in Piedmont, Oklahoma, and is a citizen of the State of Oklahoma.

12. At all times relevant to this Complaint, Ms. Anderson was an "employee" within the meaning of Title VII, the Equal Pay Act, and the OADA. She was employed by

OMMA as its Patient Licensing Manager in Oklahoma City, Oklahoma, from approximately June 2021 until her constructive discharge effective June 16, 2025.

13. Defendant State of Oklahoma ex rel. Oklahoma Medical Marijuana Authority is an agency of the State of Oklahoma that maintains its principal offices in Oklahoma City, Oklahoma County, Oklahoma. At all times relevant to this Complaint, OMMA employed more than fifteen employees and was an "employer" within the meaning of Title VII, 42 U.S.C. § 2000e(b); the Equal Pay Act, 29 U.S.C. § 203(d); and the OADA, 25 O.S. § 1301.

**FACTS**

14. Ms. Anderson was employed by OMMA, most recently as the agency's Patient Licensing Manager. Throughout her tenure she met or exceeded the agency's expectations and received promotions and pay increases.

15. Beginning in 2023, OMMA paid Ms. Anderson less than her male counterparts for performing equal—and at times greater—work requiring equal skill, effort, and responsibility under similar working conditions.

16. On occasion, Ms. Anderson performed work assigned to her male counterparts without additional pay or title recognition.

17. The pay disparities at OMMA were not limited to Ms. Anderson. Ms. Anderson became aware of a male Assistant Manager who was paid more than a female Assistant Manager, even though the female employee had greater skill and experience and was assigned more responsibilities than her male counterpart.

18. Ms. Anderson reported these pay disparities and the unequal treatment of female employees internally and repeatedly. Rather than address her concerns, OMMA met her reports with resistance, hostility, and eventual reprimand.

19. In November 2024, OMMA decided to exclude all female employees from its weekly operations meetings. On November 18, 2024, Ms. Anderson reported this exclusion to Human Resources, which never responded.

20. After receiving no response, Ms. Anderson developed a business proposal to address the inequities between male and female employees at OMMA. The proposal was initially encouraged, but was later delayed and then denied outright.

21. On February 27, 2025, Ms. Anderson submitted a formal complaint regarding the hostile work environment at OMMA, including the intimidating conduct of the Office of Investigations and Enforcement, whose members engaged in brash and aggressive verbal discipline and invasive surveillance of employees.

22. All complaints within OMMA were routed through the Office of Professional Standards, directed by Jesse Brewer. Mr. Brewer was among the individuals identified in Ms. Anderson's complaints and boasted that more than fifty complaints had been made against him without any discipline, remediation, or repercussions by OMMA.

23. On March 27, 2025, Ms. Anderson met with Human Resources representative Brandy Reams to discuss the retaliation she had experienced since making her complaints. Fearing further retaliation, Ms. Anderson declined to request records from investigations in which she had been questioned, because obtaining those records required the approval of Mr. Brewer, one of the subjects of her complaints.

24. On April 25, 2025, Ms. Anderson met with Alicia Schaal and was reprimanded for making complaints.

25. On April 29, 2025, having been denied any meaningful response to her complaints and subjected instead to hostility and reprimand, Ms. Anderson resigned her position, effective June 16, 2025. The working conditions OMMA created and tolerated were so intolerable that a reasonable person in Ms. Anderson's position would have felt compelled to resign, and her resignation constitutes a constructive discharge.

## COUNT ONE
## Sex Discrimination in Violation of Title VII of the Civil Rights Act of 1964
## (42 U.S.C. § 2000e-2(a))

26. Plaintiff repeats, realleges, and incorporates by reference each of the foregoing paragraphs as though fully set forth herein.

27. Ms. Anderson is a member of a protected class on the basis of her sex (female) and was qualified for her position at OMMA.

28. OMMA discriminated against Ms. Anderson with respect to her compensation and the terms, conditions, and privileges of her employment because of her sex, including by paying her less than similarly situated male employees for equal work, assigning her additional uncompensated duties, excluding female employees from operations meetings, and treating her less favorably than male employees who were not members of her protected class.

29. Ms. Anderson's sex was a motivating factor in the adverse employment actions taken against her, which culminated in her constructive discharge.

30. As a direct and proximate result of OMMA's unlawful discrimination, Ms. Anderson has suffered damages, including past and future lost wages and benefits, emotional distress and mental anguish, harm to her professional reputation, and the costs of bringing this action.

**COUNT TWO**
**Retaliation in Violation of Title VII of the Civil Rights Act of 1964**
**(42 U.S.C. § 2000e-3(a))**

31. Plaintiff repeats, realleges, and incorporates by reference each of the foregoing paragraphs as though fully set forth herein.

32. Ms. Anderson engaged in protected activity under Title VII by complaining, internally and repeatedly, that OMMA was discriminating against her and other female employees on the basis of sex, including her reports of unequal pay, her November 18, 2024 report of the exclusion of female employees from operations meetings, and her February 27, 2025 formal complaint.

33. OMMA subjected Ms. Anderson to materially adverse actions because of her protected activity, including heightened hostility, the April 25, 2025 reprimand for making complaints, and her constructive discharge.

34. A causal connection exists between Ms. Anderson's protected activity and the materially adverse actions, as shown by, among other things, the close temporal proximity between her complaints and OMMA's adverse treatment.

35. OMMA's stated reasons for its treatment of Ms. Anderson are pretextual. OMMA acted against her because she opposed and complained of unlawful sex discrimination.

36. As a direct and proximate result of OMMA's unlawful retaliation, Ms. Anderson has suffered damages, including past and future lost wages and benefits, emotional distress and mental anguish, harm to her professional reputation, and the costs of bringing this action.

**COUNT THREE**
**Sex-Based Hostile Work Environment in Violation of Title VII of the Civil Rights Act of 1964**
**(42 U.S.C. § 2000e-2(a))**

37. Plaintiff repeats, realleges, and incorporates by reference each of the foregoing paragraphs as though fully set forth herein.

38. Ms. Anderson was subjected to unwelcome, sex-based harassment at OMMA, including the systematic exclusion of female employees from operations and decision-making, unequal pay and uncompensated work demanded of female employees, and hostility and reprimand directed at her when she opposed the unequal treatment of women.

39. This conduct was sufficiently severe or pervasive to alter the terms and conditions of Ms. Anderson's employment and created a work environment that a reasonable person would find, and that Ms. Anderson did find, hostile and abusive.

40. As a direct and proximate result of the sex-based hostile work environment, which culminated in her constructive discharge, Ms. Anderson has suffered damages, including past and future lost wages and benefits, emotional distress and mental anguish, harm to her professional reputation, and the costs of bringing this action.

**COUNT FOUR**
**Unequal Pay on the Basis of Sex in Violation of the Equal Pay Act**

**(29 U.S.C. § 206(d))**

41. Plaintiff repeats, realleges, and incorporates by reference each of the foregoing paragraphs as though fully set forth herein.

42. OMMA paid Ms. Anderson wages at a rate less than the rate at which it paid male employees for equal work on jobs the performance of which required equal skill, effort, and responsibility, and which were performed under similar working conditions.

43. The pay differential between Ms. Anderson and her male counterparts was not based on a seniority system, a merit system, a system measuring earnings by quantity or quality of production, or any factor other than sex.

44. OMMA's violation of the Equal Pay Act was willful, in that OMMA knew or showed reckless disregard for whether its conduct was prohibited by the Equal Pay Act.

45. As a direct and proximate result of OMMA's violation of the Equal Pay Act, Ms. Anderson is entitled to recover her unpaid wages, an additional equal amount as liquidated damages, prejudgment interest, and the costs and reasonable attorneys' fees of this action pursuant to 29 U.S.C. § 216(b).

**COUNT FIVE**
**Sex Discrimination in Violation of the Oklahoma Anti-Discrimination Act****
**(25 O.S. §§ 1302, 1350)**

46. Plaintiff repeats, realleges, and incorporates by reference each of the foregoing paragraphs as though fully set forth herein.

47. OMMA is an employer subject to the Oklahoma Anti-Discrimination Act, 25 O.S. § 1301 et seq.

48. OMMA discriminated against Ms. Anderson with respect to her compensation and the terms, conditions, privileges, and responsibilities of her employment because of her sex, in violation of 25 O.S. § 1302(A).

49. Ms. Anderson satisfied the prerequisites to this claim: she timely filed a charge of discrimination, received a Notice of Right to Sue, and complied with the notice and commencement provisions of the Oklahoma Governmental Tort Claims Act as set forth above.

50. As a direct and proximate result of OMMA's unlawful discrimination, Ms. Anderson is entitled to the remedies available under 25 O.S. § 1350, including backpay, an additional equal amount as liquidated damages, reinstatement or front pay, injunctive relief, and a reasonable attorney fee.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff Ashley Anderson respectfully requests that this Court enter judgment in her favor and against Defendant and grant the following relief:

A. Award Plaintiff her past and future lost wages and benefits, including back pay and front pay, plus prejudgment and post-judgment interest;

B. Order Defendant to reinstate Plaintiff to a position comparable to her former position or, in lieu of reinstatement, award her front pay and benefits;

C. Award Plaintiff compensatory damages for emotional distress, mental anguish, and harm to her professional reputation, in an amount to be determined at trial;

D. Award Plaintiff her unpaid wages and an equal additional amount as liquidated damages under the Equal Pay Act, and backpay and an equal additional amount as liquidated damages under the Oklahoma Anti-Discrimination Act;

E. Enter a declaratory judgment that Defendant's conduct violated Title VII, the Equal Pay Act, and the Oklahoma Anti-Discrimination Act, and enjoin Defendant from engaging in further discriminatory and retaliatory practices;

F. Award Plaintiff her costs and reasonable attorneys' fees incurred in this action; and

G. Grant Plaintiff such other and further relief as the Court deems just and proper.

**JURY DEMAND**

Plaintiff demands a trial by jury on all claims and issues so triable.

Respectfully submitted,

*s/Patricia A. Podolec*

Patricia A. Podolec, OBA # 21325
10601 S. Western, Suite 119
Oklahoma City, OK 73170
Phone: 405-703-4431
Cell: 405-760-3358
Fax: 405-400-8784
ppodolec@podoleclaw.com